

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

October 19, 1948

Hon. Homer Garrison, Jr.
Director, Texas Depart-
ment of Public Safety
Austin, Texas

Opinion No. V-700

Re: Repeal of Article 1150,
Vernon's Penal Code,
relative to stopping,
rendering aid, and giv-
ing information follow-
ing an accident, by
reason of conflicts be-
tween this statute and
the Uniform Traffic
Code of 1947.

Dear Sir:

Your recent request for an opinion by this De-
partment contained the following question:

"Was Art. 1150, Texas Penal Code, re-
pealed by The Uniform Act Regulating Traf-
fic on the Highways (Acts, 1947, 50th Leg.
p. 967, Ch. 421) Vernon's Ann. Civ. St.,
Art. 6701d?"

Article 1150 of the Texas Penal Code is as fol-
lows:

"Whenever an automobile, motorcycle
or other motor vehicle whatsoever, regard-
less of the power by which the same may be
propelled, or drawn, strikes any person or
collides with any vehicle containing a per-
son, the driver of, and all persons in con-
trol of such automobile, motor vehicle or
other vehicle shall stop and shall render
to the person struck or to the occupants of
the vehicle collided with all necessary as-
sistance including the carrying of such per-
son or occupants to a physician, or surgeon
for medical or surgical treatment, if such
treatment be required, or if such carrying
is requested by the person struck or any oc-
cupant of the vehicle collided with; and such

driver and person having or assuming authority of such driver shall further give to the occupant of such vehicle or person struck, if requested at the time of such striking or collision or immediately thereafter, the number of such automobile, motorcycle or motor vehicle, also the name of the owner thereof and his address, the names of the passenger or passengers not exceeding five in each automobile or other vehicle, together with the address of each one thereof. Any person violating any provision of this article is punishable by imprisonment in the penitentiary not to exceed five years or in jail not exceeding one year or by fine not exceeding five thousand dollars, or by both such fine and imprisonment."

Pertinent provisions of Article 6701d, Vernon's Civil Statutes, are:

"Sec. 38 (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 40. Every such step shall be made without obstructing traffic more than is necessary.

"(b) Any person failing to stop or to comply with said requirements under such circumstances shall upon conviction be punished by imprisonment in the penitentiary not to exceed five (5) years or in jail not exceeding one (1) year or by fine not exceeding Five Thousand ($5,000.00) Dollars, or by both such fine and imprisonment.

"Sec. 39. The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of such accident until he has fulfilled the re-

quirements of Section 40. Every such stop shall be made without obstructing traffic more than is necessary. Any person failing to stop or to comply with said requirements under such circumstances shall be guilty of a misdemeanor.

"Sec. 40. The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name address, and the registration number of the vehicle he is driving and shall upon request and if available exhibit his operator's, commercial operator's, or chauffeur's license to the person struck or the driver or occupant of or person attending any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

"Sec. 156. <u>All laws or parts of laws inconsistent or conflicting with the provisions of this Act are hereby repealed,</u> provided, however, that nothing in this Act is intended to repeal provisions of . . ." (several laws specified but Article 1150 of the Penal Code is not included in the group.) (Emphasis supplied)

By comparing the subject matter of Article 1150 of the Penal Code with that of the above quoted provisions of Article 6701d, it becomes apparent that the Legislature, in the enacting of such provisions of Article 6701d, has established a comprehensive law covering the field of traffic legislation provided for in Article 1150. Basically, the question of repeal, whether express or implied, of one statute by another is one of legislative intent. The enactment of subsequent comprehensive legislation such as is found in Sections 38, 39 and 40, Article 6701d, manifests an in-

tent on the part of the Legislature to repeal all former laws upon the subject. By every reasonable construction, it is clear that the later enactment is intended to supersede the existing law and the latest legislative expression prevails.

We quote the following from Meek v. Wheeler County, et al, 125 S.W.(2d) 331, 334:

"In the case of Bryan v. Sundberg, 5 Tex. 418, 424, the Supreme Court of this State announced the rule which, we think, is decisive of the issue before us. Such rule is in the following language: 'It undoubtedly is true that a construction which repeals former statutes, by implication, is not to be favored; and it is also true that statutes in pari materia, and relating to the same subject, are to be taken and construed together; because it is to be inferred that they had one object in view, and were intended to be considered as constituting one entire, and harmonious system. But when the new statute, in itself, comprehends the entire subject, and creates a new, entire, and independent system, respecting that subject matter, it is universally held to repeal and supercede all previous systems and laws respecting the same subject matter.'

"An even stronger rule than the above is to be found in Black on Interpretation of Laws, Second Edition, page 355, in the following language:

"'Even where there is no direct repugnancy or inconsistency between the earlier and the later law, there may in some cases be an implied repeal. This result follows where the later act revises, amends, and sums up the whole law on the particular subject to which it relates, covering all the ground treated of in the earlier statute, and adding new or different provisions, and thus plainly shows that it was intended to supercede any and all prior enactments on that subject-matter, and to furnish, for the future, in itself alone, the whole and

only system of statute law applicable to that subject.'"

In State v. Houston Oil Co. of Texas, et al, 194 S.W. 422, 432, it is said:

"The rule is well settled that, when a subsequent statute shows by its context that it was intended to embrace all the law upon the subject dealt with, such statute will, by implication, repeal all former laws relating to the same subject. The correctness of that rule is not controverted, and it is unnecessary to cite authorities in support of it."

The following quotation from 39 Tex. Jur. pages 148, 149 is made in Luse v. City of Dallas, 131 S.W.(2d) 1079, 1084:

"Where it is apparent that a Statute is intended to embrace all the law upon the subject with which it deals, it repeals all former laws relating to the same subject. Under this rule, a statute that covers the subject matter of a former law and is evidently intended as a substitute for it, although containing no express words to that effect, operates as a repeal of the former law to the extent that its provisions are revised and its field freshly covered. Accordingly, parts of the original act that are omitted from the new legislation are to be considered as annulled. If the later act is clearly intended to prescribe the only rules which should govern, it repeals the prior statute, although the two are not repugnant in their provisions."

Applying the rule of "comprehensiveness" set out in the above quotations to the situation under consideration, it is our opinion that Article 1150, Vernon's Penal Code, was repealed by The Uniform Act Regulating Traffic on the Highways, Article 6701d, Vernon's Civil Statutes.

## SUMMARY

When a subsequent statute shows by

its context that it was intended to embrace all the law upon the subject dealt with, such statute, by implication, repeals a former law covering the same subject.

Article 1150, Vernon's Penal Code, dealing with "hit and run" drivers, was repealed by The Uniform Act Regulating Traffic on the Highways, Article 6701d, Vernon's Civil Statutes, dealing with the same subject.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

CBK:wb:mw

By Clyde B. Kennelly
   Clyde B. Kennelly
     Assistant

APPROVED:

Fagan Dickson
FIRST ASSISTANT
ATTORNEY GENERAL